## UNITED STATES v. 243.22 ACRES OF LAND, SITUATE IN VILLAGE OF FARMINGDALE, TOWN OF BABYLON, SUFFOLK COUNTY, N. Y., et al.

### No. 465.

District Court, E. D. New York.

May 29, 1942.

362

See, also, D.C., 41 F.Supp. 469, 805; Id., D.C., 43 F.Supp. 561, 805.

Harry T. Dolan, Sp. Asst. to Atty. Gen. of United States (Edward H. Murphy, of New York City, of counsel), for petitioner-plaintiff.

Samuel Rudykoff, of New York City, for defendant Joseph W. Kay, 3d.

E. John Ernst, Jr., of New York City, for defendant Lambert.

Bendersky & Murov, of Amityville, N. Y., for defendant Town of Babylon.

Pruitt & MacIntyre, of New York City, for defendant American Airplane & Engine Co.

MOSCOWITZ, District Judge.

This is a motion made by the defendant Kay, in which the defendant Lambert joins, to strike out the proof of claim filed by the defendant Town of Babylon, County of Suffolk, State of New York, subsequent to the entry of a judgment of condemnation.

■ This Court has had occasion to point out in United States v. Certain Lands in Borough of Brooklyn et al., D.C., 39 F. Supp. 91, that a condemnation proceeding is one in rem and that the procedure under the New York State Condemnation Law is to be followed.

■ Under the New York State Condemnation Law, Consol. Laws, c. 73, Section 9, a defendant may file an answer denying the authority to condemn or raise the issue that the taking is not for a public use.. See United States v. 243.22 Acres of Land, etc., et al., D.C., 43 F.Supp. 561.

■ A claim is made herein by the moving defendants that the Town of Babylon has defaulted in pleading and therefore may not file a claim. The only party who may take advantage of a default in pleading to the petition is the petitioner plaintiff; the defendants have no standing in that respect.

No claim is made in this proceeding by the Town of Babylon as to the right of the petitioner plaintiff to condemn the land. The claim is made by the Town of Babylon that it is the owner of the property mentioned in this condemnation proceeding.

■■ There seems to be no provision under the New York State Condemnation Law limiting the time within which a party may file a claim. A claimant may file its claim and appear before the tribunal designated and there have its claim adjudicated. All the claimants should appear before the tribunal designated to assess damages. See United States v. 44,549 Sq. Ft. of Land, etc., et al., D.C., 42 F.Supp. 706. It would be too late for a claimant to file a proof of claim after an order of distribution has been made.

■ In this proceeding no hearings have yet been had to assess damages, therefore the Town of Babylon is not in default in the filing of its claim.

■ An additional point is raised that under Section 65, subdivision 1 of the Town Law of the State of New York, Consol.Laws, c. 62, the supervisor of the Town of Babylon had no authority to file the claim without the previous authorization of the Town Board. That may very well be, however it is unnecessary to pass upon that question in view of the fact that the Town of Babylon has been joined as a party defendant by the petitioner plaintiff. In such event the supervisor of the Town of Babylon is authorized by law to protect the interest of the township. In doing so he may assert any claim which the town has.

■ The Town of Babylon having been joined as a party defendant, by failing to answer it was not precluded from making a claim for an award.

Motion denied.

Settle order on notice.